UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL WILHELM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:09-CV-94 |
| v. | ) | *Collier / Lee* |
| | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Commissioner of, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 26]. Plaintiff supports the motion with the timesheet of his counsel, demonstrating he has expended 14.7 hours of time, valued at $173.00 per hour, for a total of $2,543 in fees [Doc. 27-1]. Defendant filed a response stating no objection to Plaintiff's motion [Doc. 28]. This matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b).

**I.     ENTITLEMENT TO FEES**

In order to recover "fees and other expenses" under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d). *See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). **I FIND** Plaintiff has met all of

the requirements to receive EAJA fees.

First, the Court granted Plaintiff's motion for summary judgment insofar as it sought remand, and Defendant does not dispute Plaintiff is a prevailing party [Doc. 19, 20]. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff has timely submitted an itemized explanation of the time spent on various tasks, *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."), which I find adequate to gauge the reasonableness of the request [Doc. 24-1]. Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. Finally, the Court finds no special circumstances warranting denial of fees.

## II. AMOUNT OF FEES

I **CONCLUDE** Plaintiff is therefore entitled to his reasonable attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The requested rate of $173 per hour, however, I **FIND** to be unsupported on the current record. A fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). In this district, cost of living adjustments are computed by the formula established in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). In 2008, the proper rate for attorney compensation under the EAJA was determined to be $159 per hour. *Branson v. Astrue*, 2008 WL 2498111, at *2 (E.D. Tenn. 2008). Because Plaintiff has not supported his motion with

a computation of the hourly rate for 2009 and 2010 under *Cook*, I **RECOMMEND**[1] Plaintiff be awarded fees in the amount of $159 per hour for 14.7 hours, for a total of **$2337.30**. The fee award should be made payable directly to Plaintiff. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).